# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| VAFA SHAMSAI-NEJAD, | |
| Plaintiff, | Case No. 2:12-cv-00308-RCJ-GWF |
| vs. | **ORDER** |
| CLARK COUNTY SCHOOL DISTRICT, et al., | Application to Proceed in Forma Pauperis (#3) and Screening of Complaint |
| Defendant. | |

This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* (#3), filed on March 13, 2012.

**I.   Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a).  Reviewing Shamsai-Nejad's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

**II.   Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to

state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's brings this action against several Defendants including Clark County School District, Granite Gaming, Glitter Gulch, Steve Burnstine, Herb Pastor, The Cannery, Railroad Casino, Reva Frey, News 3, Mario Lovato, Horseshoe Casino, and Library Gentlemen's Club. When asked to state the nature of the case, Plaintiff stated "continual harassment and sexual harassment, stalking, slandering, [and] unethical behavior." That statement is the extent of Plaintiff's complaint. Given the information provided, the Court is unable to screen Plaintiff's complaint. The Court will therefore dismiss Plaintiff's complaint and grant her leave to amend her complaint to properly lay out the facts and circumstances that comprise Plaintiff's claim against each Defendant.

The Court provides Plaintiff the following guidance for filing a §1983 civil rights claim. To have a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Once the plaintiff alleges that his or her federal rights have been violated, then a plaintiff must show that those rights were violated by a person acting under *color of state* law. Persons acting under color of state law typically include officials who in some capacity represent either the state, city or county government. *See Monroe v. Pape*, 365 U.S. 167 (1961), *partially overruled on other grounds by Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978). For purposes of bringing a § 1983 claim,

1  under relatively narrow and specific circumstances, a "person" can also include a municipality such as a
2  town, city, or one of its bodies such as the police or fire department. *Monell*, 436 U.S. at 663.
3      If Plaintiff elects to proceed in this action by filing an amended complaint, she is informed that
4  the court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule
5  15–1 requires that an amended complaint be complete in itself without reference to any prior pleading.
6  This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v.*
7  *Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading
8  no longer serves any function in the case. Therefore, in an amended complaint, as in an original
9  complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,
10     **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is
11 **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars
12 ($350.00).
13     **IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion
14 without the necessity of prepayment of any additional fees or costs or the giving of security therefor.
15 This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at
16 government expense.
17     **IT IS FURTHER ORDERED** that Plaintiff's Complaint (#1-1) is **dismissed** without
18 prejudice. Plaintiff shall have until **Monday, April 16, 2012** to file an amended complaint correcting
19 the noted deficiencies.
20     DATED this 20th day of March, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge