# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

VAFA SHAMSAI-NEJAD,

        Plaintiff,

vs.

CLARK COUNTY SCHOOL DISTRICT, et al.,

        Defendant.

Case No. 2:12-cv-00308-RCJ-GWF

**ORDER AND REPORT AND RECOMMENDATION**

Screening of Amended Complaint (#5)

      This matter comes before the Court on Plaintiff's Amended Complaint (#5), filed on April 4, 2012. On March 20, 2012, the Court entered an Order granting Plaintiff in forma pauperis status, but dismissed without prejudice Plaintiff's complaint, with leave to amend. On April 4, 2012, Plaintiff filed an Amended Complaint (#5). The Court will now screen that complaint.

**DISCUSSION**

**II.**  **Screening the Complaint**

      Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968

1  F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a
2  nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28
3  (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the
4  level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts
5  available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a
6  complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions
7  as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could
8  not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

9  **III.    Instant Complaint**

10    Plaintiff's brings this action against several Defendants including Clark County School District
11  ("CCSD"), Granite Gaming, Glitter Gulch, Steve Burnstine, Herb Pastor, Eastside Cannery, Railroad
12  Casino, Reva Frey, Mario Lovato, Horseshoe Casino, and Library Gentlemen's Club.

13    **A.    Federal Claim**

14    Plaintiff alleges that she was sexually harassed and therefore subjected to a hostile work
15  environment by Defendants Library Gentlemen's Club, Granite Gaming, Glitter Gulch, Steve
16  Burnstine, Herb Pastor and Mario Lavoto.
17    In order to prove a prima facie case of sexual harassment/hostile work environment in violation
18  of Title VII, Plaintiff must show: (a) that she was subjected to sexual advances; (b) that this conduct
19  was unwelcome; and (c) that the conduct was sufficiently severe or pervasive to alter the conditions of
20  the victim's employment and create an abusive working environment.  *Ellison v. Brady*, 924 F.2d 872
21  (9th Cir.1991).  Plaintiff alleges that the Library Gentleman's Club, Granite Gaming and Glitter Gulch
22  along with and through the individual managers/employees Steve Burnstine, Herb Pastor and Mario
23  Lavoto coerced her into performing sexual acts or attempted to coerce her into sexual behavior on
24  several occasions.  Plaintiff alleges that these advances were unwelcome and Plaintiff contacted
25  Defendants' legal counsel concerning the harassment.  As a result of these actions, Plaintiff alleges a
26  hostile work environment.  Taking these allegations as true, Plaintiff states sufficient facts to state a
27  claim for sexual harassment/hostile work environment.
28  . . .

**B.     State Law Claims**

Upon review of the Amended Complaint, it appears that Plaintiff is alleging harassment/abuse of power by Horseshoe Casino, Railroad Casino, and the Eastside Cannery Casino.  It appears that Plaintiff was unhappy with the service that she received while being a patron at the above casinos and is attempting to allege a cause of action for harassment based on their unsatisfactory service.  Further, Plaintiff alleges that Defendant Reva Frey injected her cheeks with some substance without Plaintiff's permission, and then later forced Plaintiff to sign a consent form.  Conceivably, Plaintiff could be trying to allege a claim for battery against Defendant Frey.  Finally, Plaintiff appears to bring allegations of negligence and harassment against CCSD.  Plaintiff argues that the administration of the CCSD should be abolished, and instead, the parents and grandparents should be responsible for the hiring and supervision of the teachers.  Plaintiff further requests that the administration and teachers be fined for their negligent behavior.  Plaintiff's claims for harassment, battery and negligence are state law claims.

To bring an action before federal district court, a plaintiff must state a federal question or the parties must be completely diverse in citizenship.  *See* 28 U.S.C. §§ 1331 and 1332.  Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction.  *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000).

**i.     Federal Question Jurisdiction**

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'"  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)).  The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Id*.  "'Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise

devoid of merit as not to involve a federal controversy.'" *United States v. Morros*, 268 F.3d 695, 701 (9th Cir. 2001) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quotation omitted)). It appears Plaintiff is alleging harassment pursuant to Nevada Revised Statute ("NRS") 200.57, battery pursuant to NRS 200.481 and conceivably, a claim for negligence against the CCSD. Because these matters do not appear to arise under federal law, the Court does not have federal question jurisdiction.

### ii. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." Diversity jurisdiction requires Plaintiff to be diverse from all named Defendants. *See* 28 U.S.C. § 1332. Plaintiff and several of the Defendants appear to be Nevada citizens, and therefore the complete diversity requirement is not satisfied.

### iii. Supplemental Jurisdiction

"Under the supplemental jurisdiction statute, federal courts have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. 1367(a); *see Mostin v. GL Recovery, LLC*, 210 WL 668808, *2 (C.D. Cal. 2010). "Jurisdiction over a state law claim where it and the federal claim derive from a common nucleus of operative fact, so the relationship between the federal claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case." *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Plaintiff's claims for battery, negligence and harassment appear to be completely unrelated to her claim for sexual harassment/ hostile work environment. The claims include different parties and different facts, and therefore do not share the same common nucleus of operative facts. The Court therefore finds that it does not have jurisdiction over Plaintiff's claims against Horseshoe Casino, Railroad Casino, Eastside Cannery Casino, Reva Frey and CCSD. The Court will therefore recommend dismissal of those claims. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's claims against Defendants Library Gentlemen's Club, Granite Gaming, Glitter Gulch, Steve Burnstine, Herb Pastor and Mario Lavoto for sexual

harassment/ hostile work environment may proceed.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to the defendants named in the complaint and deliver the summons to the U.S. Marshal for service. The Plaintiff shall have twenty (20) days to furnish to the U.S. Marshal the required USM-285 forms. After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice with the court identifying which defendants were served and which were not served, if any. If the Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address, and indicating whether some other manner of service should be used. Pursuant to the Federal Rules of Civil Procedure Rule 4(m), service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendant or their counsel. The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's claims against Defendants Horseshoe Casino, Railroad Casino, Eastside Cannery Casino, Reva Frey and CCSD be **dismissed** for lack of subject matter jurisdiction.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual

issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 6th day of August, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge